IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL PACRAY,<br><br>            Plaintiff,<br><br>     vs.<br><br>SHEA MORTGAGE, INC., et al.,<br><br>            Defendants. | No. CV-F-09-1942 OWW/GSA<br><br>MEMORANDUM DECISION AND<br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR RECONSIDERATION<br>(Doc. 37) |

By Memorandum Decision and Order filed on April 23, 2010, (April 23 Memorandum Decision, Doc. 31), Defendants' motions to dismiss the First Amended Complaint were granted as to the First, Second and Third Causes of Action with prejudice and without leave to amend.  The motions to dismiss were granted with leave to amend as to the Fourth Cause of Action.  The Fourth Cause of Action was captioned "Cancellation of Instrument" and alleged:

> 54.  A written instrument that purports to be a Deed of Trust executed by plaintiff is presently in existence and under ALS's control.

1

> 55.  The instrument, although apparently valid on its face, is voidable in that there is no enforceable underlying promissory note for the deed of trust to secure.
>
> 56.  As a result, any obligation owed by PARCRAY to ALS is not secured by the underlying real property.
>
> 57.  By this complaint, plaintiffs [sic] notify ALS of plaintiff's intent to cancel the deed of trust attached as Exhibit A.

In dismissing the Fourth Cause of Action with leave to amend, the Court ruled:

> Defendants assert that the allegation that there is "no enforceable underlying promissory note for the deed of trust to secure" is conclusory and contradicted by the allegation in Paragraphs 5 and 19 that "Plaintiff purportedly entered into a loan repayment and security agreement on or about December 1, 2006 with Defendant SHEA ..., which required Plaintiff to repay a loan of $462,550.00 to SHEA" and "Plaintiff is willing and able to tender the face value of the note minus equitable set off to the true holder of the underlying promissory note whom plaintiff believes to be Shea Mortgage."
>
> It is apparent that Plaintiff's allegation in the Fourth Cause of Action is based on the premise that the original promissory note must be produced before a non-judicial foreclosure can proceed.  As noted, Plaintiff now concedes that this contention is without legal merit.  *See, e.g., Chilton v. Federal Nat. Mortg. Ass'n*, 2009 WL 5197869 (E.D.Cal., Dec. 23, 2009) and cases cited therein.
>
> California Civil Code § 3412 provides:
>
>> A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and

> ordered to be delivered up or cancelled.
>
> Defendants assert that the FAC fails to establish that the Deed of Trust is void or voidable, or that the Deed of Trust must be cancelled to avoid serious injury to Plaintiff. The foreclosure sale occurred on July 8, 2009, before this action was commenced. Therefore, Defendants contend, Plaintiff is no longer obligated to make payments under the promissory note or Deed of Trust. In addition, in order to cancel a voidable instrument, Plaintiff must restore to the beneficiary the amounts she borrowed pursuant to the promissory note and Deed of Trust. *See Star Pacific Investments, Inc. v. Oro Hills Ranch, Inc.*, 121 Cal.App.3d 447, 457 (1981). Defendants assert that Plaintiff has not repaid or offered to repay the amount loaned. *See discussion supra.*
>
> The Fourth Cause of Action is DISMISSED WITH LEAVE TO AMEND to state equitable or legal grounds for the claim for cancellation of instrument within the purview of Rule 11, Federal Rules of Civil Procedure. If Plaintiff proceeds to amend the Fourth Cause of Action, Plaintiff must allege the tender of the loan amount or the present ability to tender the loan amount.
>
> ...
>
> 2. Plaintiff shall file a Second Amended Complaint within fifteen (15) days of electronic service of this Memorandum Decision and Order. Failure to timely comply will result in the dismissal of this action ....

Plaintiff did not file a Second Amended Complaint and Judgment of dismissal was entered on May 27, 2010. (Doc. 36).

On July 28, 2010, Plaintiff, now proceeding *in pro per*, filed a Motion for Reconsideration. Plaintiff's motion is supported by her declaration:

>     3.  I have facts and circumstances which
>         resulted in this adverse ruling that I would
>         like the Court to consider in granting this
>         motion.  I was unable to meet the deadline
>         given to file a second amended complaint due
>         to the chaos in my personal life.  First, I
>         was dealing with the impending foreclosure of
>         my home.  Second, I was self-represented due
>         to the fact that I lost my life savings which
>         I invested in my home and therefore was
>         unable to afford an attorney.
>
>     4.  I intended on amending my complaint as
>         instructed by the Court, however the
>         financial stress I was experiencing along
>         with looking for a new home unfortunately
>         consumed all my emotional and physical
>         energy.  I have been adversely affected by
>         the Court's decision to dismiss all claims
>         against the Defendants in this case.
>
>     5.  Due to the grave injustice that I would
>         suffer should I be denied the opportunity to
>         present my case before the Court, I
>         respectfully request leave to amend my
>         complaint and proceed with this case on its
>         merits.

In support of her motion for reconsideration, Plaintiff cites and relies on California Code of Civil Procedure § 1008. California Code of Civil Procedure has no application to Plaintiff's motion because federal courts must apply federal procedural rules.  *See Clark v. Allstate Ins. Co.,* 106 F.Supp.2d 1016, 1018-1019 (S.D.Cal.2000).  Plaintiff's motion for reconsideration is governed by Rule 60(b), Federal Rules of Civil Procedure.  Rule 60(b) provides:

>     On motion and just terms, the court may
>     relieve a party or its legal representative
>     from a final judgment, order, or proceeding
>     for the following reasons:
>
>     (1) mistake, inadvertence, surprise, or
>     excusable neglect;

>    (2) newly discovered evidence that, with
>    reasonable diligence, could not have been
>    discovered in time to move for a new trial
>    under Rule 59(b);
>
>    (3) fraud (whether previously called
>    intrinsic or extrinsic), misrepresentation,
>    or misconduct by the opposing party;
>
>    (4) the judgment is void;
>
>    (5) the judgment has been satisfied, released
>    or discharged; it is based on an earlier
>    judgment that has been reversed or vacated;
>    or applying it prospectively is no longer
>    equitable; or
>
>    (6) any other reason that justifies relief.

Given Plaintiff's declaration, the merits of her motion for reconsideration is governed by Rule 60(b)(1) and (b)(6).

As noted, Rule 60(b)(1) allows a court to relieve a party from a final judgment because of "mistake, inadvertence, surprise, or excusable neglect."  Such a motion must be made within a reasonable time, not more than one year after the judgment was entered.  Here, Plaintiff's motion is timely, but she fails to establish that her failure to comply with the April 23 Memorandum Decision was due to mistake, inadvertence, surprise or excusable neglect.  Plaintiff's declaration makes clear that she did not comply with the April 23 Memorandum Decision because, due to personal issues, she chose not to do so for personal and emotional reasons.  Plaintiff's averments that she was unable to afford counsel is belied by the fact that she was represented by counsel, Marc E. Visenat, throughout the pendency of this litigation.  No withdrawal of counsel has been sought or ordered

5

after a valid motion to withdraw counsel of record.  Her averment that she was unable to comply with the April 23 Memorandum Decision because she was dealing with the "impending foreclosure" of her home is contradicted by the fact, admitted at the hearing on the motions to dismiss, that Plaintiff's home had been foreclosed on July 8, 2009, before Plaintiff commenced this action on August 24, 2009 in the Stansilaus County Superior Court.

"A motion brought under Rule 60(b)(6) must be based on grounds other than those listed in the preceding clauses ... Clause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'  In addition, the clause is reserved for "extraordinary circumstances.'" *Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1338 (9th Cir.1986).  A party merits relief under Rule 60(b)(6) if he demonstrates extraordinary circumstances which prevented or rendered him unable to prosecute his or her case.  *Latshaw v. Trainer Wortham & Co.,* Inc., 452 F.3d 1097, 1102-1103 (9th Cir.2006); *Martella v. Marine Cooks & Stewards Union*, 448 F.2d 729, 730 (9th Cir. 1971), *cert. denied,* 405 U.S. 974 (1972).  The party must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion.  *United States v. Washington,* 593 F.3d 790, 796-797 (9th Cir.2010); *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).  Here, Plaintiff has made no such showing.  The

6

circumstances she describes in her motion were well within her control.  Further, as noted, the averments in her declaration are belied by the facts - she was represented by counsel and her home had already been foreclosed before this litigation was commenced. Finally, Plaintiff's declaration makes no showing that she can amend to allege, consistent with Rule 11, Federal Rules of Civil Procedure, that she can the tender the loan amount or the present ability to tender the loan amount, a prerequisite to the relief sought.

For the reasons stated, Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:   July 30, 2010**             /s/ Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE